No. 15-15996

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**MANUEL DE JESUS ORTEGA MELENDRES, ET AL.**,

*Plaintiffs-Appellees*

v.

**MARICOPA COUNTY,**

*Defendant-Appellant*

and

**JOSEPH M. ARPAIO,**

*Defendant.*

# ON APPEAL FROM THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# 2:07-cv-02513-GMS
# The Honorable G. Murray Snow
# United States District Judge

# PLAINTIFFS-APPELLEE'S MOTION TO DISMISS APPEAL OF
# MARICOPA COUNTY, ARIZONA

**Stanley Young**
**Michelle L. Morin**
**Hyun S. Byun**
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
syoung@cov.com

**Rebecca A. Jacobs**
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7036
Facsimile: (415) 955-6566
rjacobs@cov.com
(*counsel continued on next page*)

*Attorneys for Plaintiffs-Appellees*
*MANUEL DE JESUS ORTEGA MELENDRES, ET AL.*

**Priscilla Dodson**
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996
pdodson@cov.com

**Dan Pochoda**
ACLU FOUNDATION OF ARIZONA
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
dpochoda@acluaz.org
jlyall@acluaz.org

**Cecillia D. Wang**
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
cwang@aclu.org

**Andre Segura**
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654
asegura@aclu.org

**Jorge Martin Castillo**
MEXICAN AMERICAN LEGAL AND
EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
jcastillo@maldef.org

**Anne Lai**
401 E. Peltason Dr.
Law 4800-P
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066
alai@law.uci.edu

*Attorneys for Plaintiffs-Appellees*

***MANUEL DE JESUS ORTEGA MELENDRES, ET AL.***

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

STATEMENT OF FACTS ....................................................................................... 2

ARGUMENT ............................................................................................................ 4

I. Because the County's notice of appeal was untimely, this Court lacks jurisdiction to hear the County's appeal. ........................................................ 4

    A. The County was required to file a notice of appeal within 30 days of the challenged judgments or orders, and failed to do so. ........ 4

    B. The deadline to appeal is jurisdictional and is not subject to equitable tolling. ............................................................................... 5

    C. The County's substitution as a party does not cure the jurisdictional deficiency, nor does it extend the time to file a notice of appeal. ................................................................................ 6

II. Under the law of the case, the County may not reargue issues that have already been litigated and appealed by MCSO and Sheriff Arpaio. ........................................................................................................ 8

CONCLUSION ....................................................................................................... 11

CERTIFICATE OF COMPLIANCE ...................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**                                                             **Page(s)**

*Bowles v. Russell*,
   551 U.S. 205 (2007) ................................................................................... 5, 6

*Braillard v. Maricopa Cnty.*,
   232 P.3d 1263 (Ariz. Ct. App. 2010) ................................................................ 3

*Browder v. Dir., Dep't of Corr. of Illinois*,
   434 U.S. 257 (1978) .......................................................................................... 6

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
   375 F.3d 861 (9th Cir. 2004) ............................................................................ 5

*Gonzalez v. Arizona*,
   677 F.3d 383 (9th Cir. 2012) (*en banc*) .......................................................... 10

*In re Gottheimer*,
   703 F.2d 1136 (9th Cir. 1983) ........................................................................ 11

*Keith v. Volpe*,
   118 F.3d 1386 (9th Cir. 1997) .......................................................................... 7

*Marino v. Ortiz*,
   484 U.S. 301 (1988) .......................................................................................... 7

*Matton Steamboat Co. v Murphy*,
   319 U.S. 412 (1943) .......................................................................................... 6

*Melendres v. Arpaio*,
   695 F.3d 990 (9th Cir. 2012) (*Melendres I*) ................................................. 2, 9

*Melendres v. Arpaio*,
   784 F.3d 1254 (9th Cir. 2015) (*Melendres II*) ....................................... 3, 9, 10

*Normandeau v. City of Phoenix*,
   516 F. Supp. 2d 1054 (D. Ariz. 2005) ........................................................... 11

*Old Person v. Brown*,
   312 F.3d 1036 (9th Cir. 2002) .......................................................................... 9

*Puente Arizona v. Arpaio*,
 No. CV-14-01356-PHX-DGC, 2015 WL 1432674 (D. Ariz. Mar. 27, 2015) ..............................................................................................8

*Stephanie-Cardona LLC v. Smith's Food & Drug Centers, Inc.*,
 476 F.3d 701 (9th Cir. 2007) ..................................................................5

*United States v. Jingles*,
 702 F.3d 494 (9th Cir. 2012) ................................................................10

*United States v. Lummi Indian Tribe*,
 235 F.3d 443 (9th Cir. 2000) ..................................................................9

*Vahan v. Shalala*,
 30 F.3d 102 (9th Cir. 1994) ....................................................................6

## INTRODUCTION

Under 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4(a), this Court has jurisdiction to consider an appeal in a civil case only if a notice of appeal is filed within 30 days after entry of the judgment or order appealed therefrom. That requirement, which is jurisdictional and unwaivable, has not been satisfied by Defendant-Appellant Maricopa County, Arizona's ("the County's") May 15, 2015 notice of appeal (Dkt. 1104). For this reason alone, the appeal must be dismissed for lack of jurisdiction.

Even if jurisdiction were present, the County's appeal would still have to be dismissed for the additional and independent reason that it is prohibited by the "law of the case" doctrine. Nominal substitution of the County in place of former defendant Maricopa County Sheriff's Office ("MCSO"), a non-jural entity lacking separate legal status from the County, is the County's only basis for attempting to reopen numerous issues already fully litigated and previously appealed. But the County shares both legal identity and interests with MCSO, and has had notice of these proceedings since the first complaint was filed in the district court in 2007 against the County, MCSO and Sheriff Arpaio. Due to its privity with MCSO and with Sheriff Arpaio, the County's interests have been fully represented all along by the Sheriff and MCSO, and the County is bound by the prior decisions in this case. The appeal must be dismissed for this reason as well.

1

## STATEMENT OF FACTS[1]

In 2007, Ortega Melendres and other individually-named and organizational Plaintiffs (collectively, "Appellees") filed a lawsuit against Sheriff Joseph M. Arpaio, MCSO, and the County, on behalf of a proposed class of "all Latino persons who, since January 2007, have been or will be in the future, stopped, detained, questioned or searched by MCSO agents while driving or sitting in a vehicle on a public roadway or parking area in Maricopa County, Arizona." On October 13, 2009, the County was dismissed by agreement, without prejudice to later re-joining if necessary. Dkt. 178, 194.[2]

On December 23, 2011, the district court granted partial summary judgment to the class and immediately enjoined MCSO from detaining people based solely on suspicion or knowledge of unlawful presence in the United States. Dkt. 494. Defendants (Sheriff Arpaio and MCSO) unsuccessfully appealed the preliminary injunction. Dkt. 587 (June 21, 2013 notice of appeal); *Melendres v. Arpaio*, 695 F.3d 990, 994 (9th Cir. 2012) (*Melendres I*).

On May 24, 2013, following a bench trial, the district court entered judgment against Sheriff Arpaio and MCSO, holding that MCSO's policies and

---

[1] The background facts of this case may be found in greater detail in preceding opinions of this Court and the district court. Only the facts relevant to the present motion are set forth herein.

[2] Docket citations herein are to D.C. No. 2:07-cv-02513-GMS unless otherwise noted.

practices violated the Fourth and Fourteenth Amendments. Dkt. 579. On October 2, 2013, the district court issued a Supplemental Permanent Injunction/Judgment Order appointing an independent monitor and containing several additional remedial provisions. Dkt. 606. Based upon the Monitor's early evaluation of materials provided by the parties, the district court conducted a hearing and on April 4, 2014 issued Amendments to the Supplemental Permanent Injunction/Judgment Order. Dkt. 670.

Defendants MCSO and Sheriff Arpaio appealed the May 24, 2013 Order and the Supplemental Permanent Injunction/Judgment Order, resulting in this Court's April 15, 2015 decision to affirm the liability findings and the injunctive remedy, with the sole exception of one injunctive provision, which was remanded for further tailoring, and to substitute the County "in lieu of MCSO" in light of the now-settled case law clarifying that MCSO was not a jural entity and therefore should not be a party to the case. *Melendres v. Arpaio*, 784 F.3d 1254, 1260, 1267 (9th Cir. 2015) (*Melendres II*) (citing *Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)). On May 15, 2015, the County filed a petition for panel rehearing and rehearing *en banc* of *Melendres II*, as well as a notice of appeal challenging the December 23, 2011 Order Denying in Part and Granting in Part Defendants' Motion for Summary Judgment (Dkt. 494), the May 24, 2013 Judgment (Dkt. 579), the October 2, 2013 Supplemental Permanent

3

Injunction/Judgment Order (Dkt. 606), and the April 4, 2014 Amendment to the Supplemental Permanent Injunction/Judgment Order (Dkt. 670). Dkt. 1104. On June 26, 2015, the petition for panel rehearing and rehearing *en banc* was denied. No. 13-16285 Dkt. 87.

## ARGUMENT

**I. Because the County's notice of appeal was untimely, this Court lacks jurisdiction to hear the County's appeal.**

**A. The County was required to file a notice of appeal within 30 days of the challenged judgments or orders, and failed to do so.**

Federal Rule of Appellate Procedure (FRAP) Rule 4(a) requires that a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from. FRAP 4(a); *see also* 28 U.S.C. § 2107(a) (requiring that a notice of appeal must be filed within thirty days after entry of any judgment, order or decree in a civil suit). An appellate court may not extend the time to file a notice of appeal except as authorized by certain exceptions in Rule 4, which sets forth procedures for obtaining extensions of the 30-day deadline, *e.g.*, moving to extend the deadline to file an appeal within 180 days after the challenged judgments were entered, or moving for an extension within 14 days after the moving party received notice of the judgments' entry. *See* FRAP 4(a)(5), 4(a)(6). None of those exceptions apply here, as neither the County nor any other party moved to extend the time to file a notice of appeal within the allowed time. The orders appealed

4

from are the December 23, 2011 Order Denying in Part and Granting in Part Defendants' Motion for Summary Judgment (Dkt. 494), the May 24, 2013 Judgment (Dkt. 579), the October 2, 2013 Supplemental Permanent Injunction/Judgment Order (Dkt. 606), and the April 4, 2014 Amendment to the Supplemental Permanent Injunction/Judgment Order (Dkt. 670). The notice of appeal was filed over a year after the most recent of those orders, *i.e.*, more than the 30 days provided under Rule 4(a) after entry of any of the judgments or orders from which this appeal is taken. Thus, the County's notice of appeal is untimely as to each of the challenged orders under Rule 4(a) and all of the possible exceptions to the 30-day filing deadline.

### B. The deadline to appeal is jurisdictional and is not subject to equitable tolling.

The requirement to file a timely notice of appeal is jurisdictional and non-waivable. *Stephanie-Cardona LLC v. Smith's Food & Drug Centers, Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) (citing *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 869 (9th Cir. 2004)). Because courts have "no authority to create equitable exceptions to jurisdictional requirements," the 30-day deadline for filing a notice of appeal is not subject to equitable tolling, even where a party, through no fault of its own, fails to file a notice of appeal within the required period. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that even a party's

reliance on district court error, resulting in untimely-filed notice of appeal, did not justify any exception to the timely appeal requirement). *See also Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994) (refusing to circumvent the jurisdictional bar of Rule 4(a) by re-establishing the date on which a final judgment was entered, even where appellant asserted that he had not received notice of the judgment's entry).

The jurisdictional rule articulated in *Bowles* and *Vahan* is intended "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands." *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 264 (1978) (quoting *Matton Steamboat Co. v Murphy*, 319 U.S. 412, 415 (1943)). The challenged judgments and orders cited in the County's notice have been litigated—and appealed—at length. Allowing the County to retread this old ground at this time would be unfair to Plaintiffs, and prohibited by controlling precedents governing the time to appeal.

### C. The County's substitution as a party does not cure the jurisdictional deficiency, nor does it extend the time to file a notice of appeal.

The jurisdictional deficiency resulting from the untimeliness of the County's notice of appeal is dispositive. The substitution of the County as a nominal party in place of the County's sub-unit, MCSO, does not extend the jurisdictional deadline. But even if an exception to the jurisdictional requirements could be premised upon

6

the County's substitution (a proposition for which there is no authority), applying such an exception would be unjustified here for two reasons.

First, the County has had notice of the lawsuit against Sheriff Arpaio and MCSO since Plaintiffs filed their initial complaint, which named the County as a defendant, and issued a summons to the County in 2007. Dkt. 8. Nothing prevented the County from acting during the 30 day period under Rule 4 to appeal any of the challenged judgments or orders. The County's dismissal was by agreement and without prejudice to re-joinder, should that become necessary to obtain full relief. Had the County wished to participate in the earlier appeal as a nominally separate non-party entity, it could have timely sought to intervene for that purpose. In the Ninth Circuit, a non-party may appeal a district court order where "(1) the appellant participated in the district court proceedings even though not a party, and (2) the equities of the case weigh in favor of hearing the appeal." *Keith v. Volpe*, 118 F.3d 1386, 1391 (9th Cir. 1997). Nothing prevented the County from relying on standard procedures for intervention, even as a nominal non-party. *Cf. Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (holding that because petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving the lawsuit's settlement). Had the County sought re-joinder into the suit to appeal as a party, the dismissal without prejudice clearly contemplated that such a request would have

7

been entertained. Instead, the County made no such request within the time to appeal any of the challenged orders.

Second, the County is and has always been a real party in interest. Under the Arizona Constitution, MCSO is part of the County, and Sheriff Arpaio is the County's elected law enforcement officer. Ariz. Const. art. XII, §§ 1, 3; Ariz. Rev. Stat. Ann. § 11-401. The County has been paying MCSO's and the Sheriff's legal bills and the costs of the Monitor appointed by the district court. *See, e.g.*, Dkt. 741 at 1-2. And the County was always actually liable for harms caused by Sheriff Arpaio's unconstitutional policymaking while acting as the County's law enforcement officer. *See, e.g.*, *Puente Arizona v. Arpaio*, No. CV-14-01356-PHX-DGC, 2015 WL 1432674, at *1-*3 and n.1 (D. Ariz. Mar. 27, 2015) (finding Sheriff Arpaio is a final policymaker when making law-enforcement decisions for Maricopa County, and citing additional cases). Creating a new exception to the jurisdictional requirement to timely file a notice of appeal under these facts would be wholly unjustified.

## II. Under the law of the case, the County may not reargue issues that have already been litigated and appealed by MCSO and Sheriff Arpaio.

"Under the [law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th

8

Cir. 2000). The doctrine applies when the issue in the case "[has] been 'decided explicitly or by necessary implication in the previous disposition.' " *Id.* (citation omitted). The doctrine was developed to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4478, at 637–38 (2002). *See also Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (the doctrine is "founded upon the sound public policy that litigation must come to an end.").

All issues raised in the County's May 15, 2015 notice of appeal have been considered and decided by the district court and by this Court on appeal (or, in the case of the April 4, 2014 Amendment to the Supplemental Permanent Injunction/Judgment Order, Dkt. 670, could have been). Specifically, this Court affirmed the preliminary injunction and affirmed the liability findings and the vast majority of the remedial orders in the permanent injunction. *Melendres I*, 695 F.3d at 994; *Melendres II*, 784 F.3d at 1267. Defendants petitioned for panel rehearing and rehearing *en banc*, and were denied. *See* No. 13-16285 Dkt. 87. *Melendres I* and *Melendres II* are the law of the case, and there are no remaining issues in the challenged orders that remain available for the County to re-litigate.

This Court may decline to apply the decision of a previous panel as the law of the case only if "(1) the decision is clearly erroneous and its enforcement would

9

work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *United States v. Jingles*, 702 F.3d 494, 502-03 (9th Cir. 2012) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 390 n. 4 (9th Cir. 2012) (*en banc*)). None of those conditions exist here. This Court held that MCSO has no legal status separate from the County. *Melendres II*, 784 F.3d at 1260. The Court merely substituted the County as a nominal replacement for the MCSO, a non-jural entity that is part of the County. The County cannot pursue its own separate and subsequent appeal based only on its nominal substitution in place of its own sub-unit, which, along with its decision-maker the Sheriff, was fully capable of litigating, and did litigate (or had the chance to litigate) on appeal the very same orders and judgments that the County now seeks to appeal. *U.S. v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012). Enforcing *Melendres I* and *Melendres II* as the law of the case works no manifest injustice on the County, and there has been no intervening controlling authority or substantially different evidence adduced at a subsequent trial since *Melendres II*.

The doctrines of *res judicata* and collateral estoppel as applied to privies further demonstrate why the County must be barred from appealing these matters again. Privity exists when there is "substantial identity" between parties, *i.e.*, a "sufficient commonality of interest." *In re Gottheimer*, 703 F.2d 1136, 1140 (9th

Cir. 1983). For instance, a suit against a government officer acting in her official capacity is ordinarily equivalent to an action against the government entity itself. *Normandeau v. City of Phoenix*, 516 F. Supp. 2d 1054, 1067 (D. Ariz. 2005). Where, as here, the validity of the orders challenged in the County's notice of appeal have already been fully litigated on appeal by MCSO, an entity that "lack[s] separate legal status from the County," as well as by Sheriff Arpaio, the County decision-maker on the law enforcement matters at issue. The requirements of privity are more than satisfied. The County, through its privies MCSO and Sheriff Arpaio, has already appealed each and every challenged order and judgment. It may not do so again.[3]

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss this appeal for lack of jurisdiction and under the "law of the case" doctrine.

Dated: August 11, 2015                By /s/ *Stanley Young*
                                      Stanley Young
                                      syoung@cov.com
                                      Michelle L. Morin
                                      mmorin@cov.com
                                      Hyun S. Byun
                                      hbyun@cov.com

---

[3] Pursuant to the Circuit Advisory Committee Note to Circuit Rule 27-1, undersigned counsel contacted counsel for the County regarding this motion. The County does not agree to this motion.

11

COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Rebecca A. Jacobs
rjacobs@cov.com
COVINGTON & BURLING LLP
1 Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson
pdodson@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
(*counsel continued on next page*)
Dan Pochoda
dpochoda@acluaz.org
ACLU FOUNDATION OF
ARIZONA
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

Anne Lai
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Cecillia D. Wang

cwang@aclu.org
ACLU FOUNDATION
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Andre Segura
asegura@aclu.org
ACLU FOUNDATION
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Jorge Martin Castillo
jcastillo@maldef.org
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 27-1, the attached brief is in compliance with Fed. R. App. P. 27(d) and does not exceed 20 pages.


Date: August 11, 2015               */s/ Stanley Young*
                                    STANLEY YOUNG

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Date: August 11, 2015        */s/ Stanley Young*
                             STANLEY YOUNG