**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

MANUEL DE JESUS ORTEGA
MELENDRES; JESSICA QUITUGUA
RODRIGUEZ; DAVID RODRIGUEZ;
VELIA MERAZ; MANUEL NIETO, JR.;
SOMOS AMERICA,
                    *Plaintiffs-Appellees*,

            v.

MARICOPA COUNTY,
                  *Defendant-Appellant*,

            and

JOSEPH M. ARPAIO,
                     *Defendant*.

No. 15-15996

D.C. No.
2:07-cv-02513-
GMS

OPINION

---

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted
January 12, 2016—Pasadena, California

Filed March 7, 2016

2            MELENDRES V. MARICOPA CTY.

Before: J. Clifford Wallace, Susan P. Graber,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Wallace

**SUMMARY**[*]

**Civil Rights/Civil Procedure**

The panel dismissed for lack of jurisdiction an appeal by Maricopa County after determining that the appeal was not timely filed.

Plaintiffs filed this class action against Sheriff Arpaio (in his official capacity), Maricopa County, and Maricopa County Sheriff's Office alleging that defendants violated federal law by racially profiling Latino drivers and passengers and stopping them under the guise of enforcing federal and state immigration laws. All of the parties later stipulated that Plaintiffs would dismiss their claims against Maricopa County without prejudice. On appeal from the district court's subsequent permanent injunction, this court in *Melendres v. Arpaio* (*Melendres II*), 784 F.3d 1254, 1267 (9th Cir. 2015), concluded that the Maricopa County Sheriff's Office was improperly named as a party and ordered that Maricopa County be substituted in its place. Maricopa County then filed the present appeal which purported to challenge four district court orders entered between December 2011 and April 2014.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that Maricopa County's appeal, filed almost a year after the most recent order from which it appealed, was untimely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A), which require that an appeal be filed within thirty days after entry of the judgment or order appealed from.  The panel rejected Maricopa County's arguments that it would be unfair to dismiss its appeal since it became a party only as a result of the *Melendres II* decision and therefore never had a chance to file a timely appeal.  The panel held that even if it agreed (and it did not) with Maricopa County that the *Melendres II* opinion worked an injustice by substituting the County for the Maricopa County Sheriff's Office, it would still have no authority to entertain the appeal since the Supreme Court has made abundantly clear that federal courts cannot "create equitable exceptions to jurisdictional requirements."

**COUNSEL**

Richard K. Walker (argued), Walker & Peskind, PLLC, Scottsdale, Arizona, for Defendant-Appellant.

Stanley Young (argued) and Michelle L. Morin, Covington & Burling LLP, Redwood Shores, California; Cecillia D. Wang, ACLU Foundation Immigrants' Rights Project, San Francisco, California; Dan Pochoda, ACLU Foundation of Arizona, Phoenix, Arizona; Andre Segura, ACLU Foundation Immigrants' Rights Project, New York, New York; Anne Lai, Irvine, California; Jorge Martin Castillo, Mexican American Legal Defense and Educational Fund, Los Angeles, California, for Plaintiffs-Appellees.

**OPINION**

WALLACE, Senior Circuit Judge:

Last year, we issued an opinion affirming (for the most part) the district court's decision to enter a permanent injunction enjoining Sheriff Joseph M. Arpaio and the Maricopa County Sheriff's Office (MCSO) from conducting racially discriminatory traffic stops. *Melendres v. Arpaio* (*Melendres II*), 784 F.3d 1254, 1267 (9th Cir. 2015). In addition to affirming the permanent injunction, we observed that, during the ongoing litigation between the parties, the Arizona Court of Appeals held that MCSO is a non-jural entity, meaning that it cannot be subject to a lawsuit. *Braillard v. Maricopa Cty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010). That decision compelled us to conclude that "it is now clear that MCSO has improperly been named as a party in this action." *Melendres II*, 784 F.3d at 1260. To remedy that problem, we ordered that Maricopa County be substituted in place of MCSO. *Id.* That substitution gave rise to the present appeal by Maricopa County.

Maricopa County appeals from four district court orders entered between December 2011 and April 2014, which are the same orders that Sheriff Arpaio and MCSO appealed from previously in *Melendres II*. A threshold issue that we must consider is whether we have jurisdiction to hear the appeal, since Maricopa County filed its notice of appeal almost a year after the most recent order from which it appeals. This attempted appeal is in obvious tension with the longstanding rule that a party must file a notice of appeal within thirty days "after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). We conclude that the appeal is untimely

under this general rule and, accordingly, we dismiss it for lack of jurisdiction.

## I.

The facts of this case may be found in detail in our prior opinions on the matter: *Melendres II*, 784 F.3d at 1258–61; *Melendres v. Arpaio* (*Melendres I*), 695 F.3d 990, 994–96 (9th Cir. 2012). Here, we recount only those facts that are essential to dispose of the issues raised in this attempted appeal.

Plaintiffs filed this class action against Sheriff Arpaio (in his official capacity), Maricopa County, and MCSO, alleging that they violated federal law by racially profiling Latino drivers and passengers and stopping them under the guise of enforcing federal and state immigration laws. All of the parties later stipulated, however, that Plaintiffs would dismiss their claims against Maricopa County. The parties did so because they believed, at that time, that "Defendant Maricopa County is not a necessary party at this juncture for obtaining the complete relief sought." But the stipulation expressly provided that the dismissal was "without prejudice to rejoining Defendant Maricopa County as a Defendant in this lawsuit at a later time if doing so becomes necessary to obtain complete relief." It is important to point out that, at the time the parties agreed to dismiss Maricopa County, the Arizona Court of Appeals had not yet held that MCSO is a non-jural entity and therefore cannot be sued. It did so about a year after the stipulated dismissal, in *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010). Had that decision been issued before Maricopa County's dismissal, the parties may well have decided that Maricopa County was a necessary party.

The case proceeded after Maricopa County's dismissal and, after a bench trial, the district court concluded that Sheriff Arpaio and MCSO acted unconstitutionally and permanently enjoined them from conducting the racially discriminatory conduct. The court later supplemented its permanent injunction order to require that the MCSO take a variety of measures intended to discourage further constitutional violations, such as: appointing an independent monitor to assess and report on MCSO's compliance with the injunction, increasing the training of MCSO employees, improving traffic-stop documentation, and developing an early identification system for racial-profiling problems. An appeal to our court followed, resulting in our decision in *Melendres II*. There, we affirmed the entirety of the district court's permanent injunction orders, except for certain provisions dealing with internal investigations and reports of officer misconduct. *Melendres II*, 784 F.3d at 1267. As to the problematic provisions, we remanded to the district court so that it could tailor them more precisely to the constitutional violations at issue. *Id.*

In this same appeal, MCSO challenged the district court's refusal to dismiss it as a party. It argued that because the Arizona Court of Appeals held in *Braillard*, that MCSO was a non-jural entity, it could not be sued. 232 P.3d at 1269. We agreed and, accordingly, held that MCSO was improperly named as a party. *Melendres II*, 784 F.3d at 1260. To assure a meaningful remedy for the plaintiffs despite MCSO's dismissal, we ordered that "Maricopa County be substituted as a party in lieu of MCSO." *Id.*

Following the issuance of our decision, Maricopa County filed a petition for panel rehearing or rehearing en banc. After we denied the petition, Maricopa County petitioned the

Supreme Court for writ of certiorari. The Court denied the petition without comment. *Maricopa Cty. v. Melendres*, No. 15-376, 2016 WL 100382 (U.S. Jan. 11, 2016).

In addition to using the ordinary avenues for challenging an appellate decision, Maricopa County filed the present appeal on May 15, 2015, which purported to challenge several of the district court's orders. That is the appeal which we address now.

## II.

The threshold issue we must consider is whether we are required to dismiss this appeal for lack of jurisdiction.

By statute, for an appeal to be considered timely it must be filed "within thirty days after the entry of . . . judgment, order or decree." 28 U.S.C. § 2107(a). The Rules of Appellate Procedure contain this same deadline, providing that: "In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). Since Maricopa County is the party seeking to invoke our jurisdiction, it "has the burden of establishing that jurisdiction exists." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936)). Carrying this burden is no small matter, since "[t]he requirement of a timely notice of appeal is mandatory and jurisdictional," *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988) (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978)), meaning that we are not at liberty to overlook a defect with the notice of appeal no matter how compelling an appellant's argument may be. The thirty-day deadline serves an

important purpose, which is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands." *Browder*, 434 U.S. at 264 (quoting *Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415 (1943) (per curiam)).

Rule 4 does provide certain exceptions to and extensions of the thirty-day time requirement, such as cases in which the United States is a party, FED. R. APP. P. 4(a)(1)(B), and cases in which a party files certain post-judgment motions, FED. R. APP. P. 4(a)(4). We do not have authority, however, to create additional exceptions based on our own sense of what is equitable or fair. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (repudiating the non-statutory "unique circumstances" exception and holding that federal courts have "no authority to create equitable exceptions to jurisdictional requirements").

This legal background compels the conclusion that we must dismiss Maricopa County's appeal as untimely. The district court orders that Maricopa County has challenged in its notice of appeal were issued years ago, between 2011 and 2014. By filing its notice of appeal on May 15, 2015, Maricopa County's appeal does not come close to complying with the thirty-day deadline. The exceptions to the deadline set out in Rule 4 are of no help either and Maricopa County has never argued that any of them applies here. Because the County's notice of appeal is untimely and no exceptions to the deadline apply, it has not carried its burden of invoking our jurisdiction and we must dismiss this appeal.

Maricopa County offers several arguments in support of its assertion that we should consider the merits of its appeal, but none is persuasive. First, it argues that its appeal is timely because its notice of appeal was filed within thirty days after we issued our opinion in *Melendres II*. The novelty of this argument is best illustrated by the fact that Maricopa County offers no supporting authority for it. Nothing in 28 U.S.C. § 2107(a) or Rule 4(a) allows a party to appeal from *an appellate decision* with which it disagrees. Moreover, that the County filed its appeal within thirty days of our *Melendres II* decision is irrelevant because, under Rule 4(a), an appeal must be filed "within 30 days after entry of the judgment or order appealed from." As the County specified in its notice of appeal, the orders "appealed from" here are the district court's orders entered between 2011 and 2014. Therefore, it makes no difference that the County filed its notice of appeal within thirty days of our *Melendres II* decision.

Second, Maricopa County argues that it would be unfair for us to dismiss its appeal since it became a party only as a result of our *Melendres II* decision and therefore never had a chance to file a timely appeal. Essentially, it argues that it would be unfair to hold it to the thirty-day deadline since it was not actively participating in the case at the time it would have needed to file its appeal. This argument fails for multiple reasons.

For one, there is no unfairness in holding Maricopa County to its earlier stipulation that it would be rejoined "as a Defendant in this lawsuit at a later time if doing so becomes necessary to obtain complete relief." Because of the Arizona Court of Appeals' decision in *Braillard*, it became necessary that the County be rejoined as a defendant. By agreeing to be rejoined in this case should it become necessary, Maricopa

County cannot now argue that it was unfair to hold it to its stipulation.

Apart from the stipulation agreement, the position Maricopa County takes in its briefs demonstrates the illusory nature of its claim of unfairness. In its opening brief, the County submits that it "does not object to, or seek any modification of, the prohibitory provisions (i.e., the provisions proscribing certain law enforcement practices the district court found to be unconstitutional) in the district court's injunction orders." Instead, it requests only that we strike down "[a]ll affirmative mandates in the injunctive orders entered by the district court." Yet, in the very same paragraph, it concedes that it is required, by Arizona state statute, "to provide funding for the massive changes the district court has imposed." *See* ARIZ. REV. STAT. § 11-444. Thus, the County has conceded that even if we had never substituted it in place of MCSO, it would have nonetheless had to bear the financial costs associated with complying with the district court's injunction. Given that concession, there is no argument that our substitution of it into the case in *Melendres II* saddled it with obligations that it would not otherwise have had.

Further, under the Supreme Court's decisions interpreting 42 U.S.C. § 1983, "[i]f the sheriff's actions constitute county 'policy,' then the county is liable for them." *McMillian v. Monroe Cty.*, 520 U.S. 781, 783 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Arizona state law makes clear that Sheriff Arpaio's law-enforcement acts constitute Maricopa County policy since he "has final policymaking authority." *Flanders v. Maricopa Cty.*, 54 P.3d 837, 847 (Ariz. Ct. App. 2002); *see* Ariz. Rev. Stat. § 11-441(A) (requiring the sheriff to "[p]reserve the peace,"

"[a]rrest . . . all persons who attempt to commit or who have committed a public offense," and "[p]revent and suppress all affrays, breaches of the peace, riots and insurrections which may come to the knowledge of the sheriff").[1]

Maricopa County attempts to sidestep this authority by arguing that Sheriff Arpaio's acts cannot create respondeat superior liability. But under section 1983, "[l]iability is imposed, not on the grounds of *respondeat superior*, but because the agent's status cloaks him with the governmental body's authority." *Flanders*, 54 P.3d at 847 (citing *City of Phoenix v. Yarnell*, 909 P.2d 377, 384–85 (Ariz. 1995)). Accordingly, the case law Maricopa County cites holding that it is not liable for the Sheriff's acts under respondeat superior is inapposite here.

This is not to say, however, that Maricopa County's alleged lack of control over Sheriff Arpaio has no significance. For instance, should the Sheriff fail to comply with the district court's injunction, and thereby make himself and the County subject to contempt proceedings, the County could rely on the degree to which it can control his behavior to potentially avoid any adverse consequences.

At bottom, even if we agreed with Maricopa County that our *Melendres II* opinion worked an injustice by substituting it for MCSO (which we do not), we would still have no authority to entertain this appeal since the Supreme Court has

---

[1] While we observed in our *Melendres II* decision that "[o]n remand, the district court may consider dismissal of Sheriff Arpaio in his official capacity," *Melendres*, 784 F.3d at 1260, at this juncture it appears that such a dismissal may be unwarranted given the County's suggestion that it cannot exercise control over Sheriff Arpaio.

made abundantly clear that federal courts cannot "create equitable exceptions to jurisdictional requirements." *Bowles*, 551 U.S. at 214.

### III.

There is a "point of time when litigation shall be at an end." *Browder*, 434 U.S. at 264 (internal quotation marks omitted). In this case, that point is prescribed by 28 U.S.C. § 2107(a) and Rule 4(a). Because Maricopa County's notice of appeal is untimely under both, we dismiss this appeal for lack of jurisdiction. We have no authority to overlook those provisions, regardless of whatever unfairness the County believes not doing so engenders.

**APPEAL DISMISSED.**